# EXHIBIT A

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Eric J. Benink (State Bar No. 187434)<br>Mary K. Wyman (State Bar No. 260104)<br>KRAUSE, KALFAYAN, BENINK & SLAVENS, LLP.<br>625 Broadway, Suite 635<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 232-0331     FAX NO. (Optional): (619) 232-4019<br>E-MAIL ADDRESS (Optional): ebenink@kkbs-law.com<br>ATTORNEY FOR (Name): Plaintiff, Denise Keller | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

PLAINTIFF/PETITIONER: Denise Keller

DEFENDANT/RESPONDENT: CEC Entertainment, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2011-00091622- CU-BT- CTL |
|---|---|

TO (insert name of party being served): Michelle Hartmann, Esq., attorney authorized to accept service on behalf of CEC Entertainment, Inc.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below. *w/ under y are not to remind*

Date of mailing: May 26, 2011

Erica Stewart
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):
   Civil Case Cover Sheet; Alternative Dispute Resolution (ADR) Packet; Notice of Case Assignment; Notice of Errata RE: Exhibits to Complaint; and Notice of Related Case.

(To be completed by recipient):

Date this form is signed:
6/1/11

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov

Exhibit A
Page 7

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CEC ENTERTAINMENT, INC., a Kansas corporation, and DOES 1-10,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DENISE KELLER, an individual

F I L E D
Clerk of the Superior Court

MAY 2 3 2011

BY: B. Follis, Clerk
MAY 13 '12 PM 4:40

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court

330 West Broadway
San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):* 37-2011-00091622-CU-BT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric J. Benink, Esq.     (619) 232-0331     625 Broadway, Ste. 635, San Diego, CA 92101

DATE: **MAY 2 3 2011**
*(Fecha)*

Clerk, by **B. FOLLIS**, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* CEC Entertainment, Inc.

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A
Page 8

1  Eric J. Benink, Esq., SBN 187434
   eric@kkbs-law.com
2  Mary K. Wyman, Esq. SBN 260104
   mwyman@kkbs-law.com
3  KRAUSE, KALFAYAN, BENINK & SLAVENS, LLP
4  625 Broadway, Suite 635
   San Diego, CA 92101
5  Tel: (619) 232-0331
   Fax: (619) 232-4019
6
7  Attorneys for Plaintiff
8
9
10            **SUPERIOR COURT OF CALIFORNIA**
11            **FOR THE COUNTY OF SAN DIEGO**
12  DENISE KELLER, an individual       ) Case No.  37-2011-00091622-CU-BT-CTL
                                        )
13                       Plaintiff,     ) COMPLAINT FOR INJUNCTIVE AND
                                        ) DECLARATORY RELIEF
14            v.                        )
                                        )
15  CEC ENTERTAINMENT, INC., a Kansas   )
    corporation, and DOES 1-10,         )
16                                      )
                       Defendants.      )
17                                      )
                                        )
18  _____   )
19      Plaintiff Denise Keller ("Keller" or "Plaintiff"), by and through her attorneys, alleges,
20  upon personal knowledge as to herself and her acts, and as to all other matters upon information
21  and belief based upon, *inter alia*, the investigations made by her attorneys, as follows:
22                              **I.**
23                  **NATURE OF THE ACTION**
24      1.      This case has one narrow purpose: to stop Defendant CEC Entertainment, Inc.
25  ("CEC"), a publicly-traded corporation, from offering in its California restaurants, certain games
26  that California law defines as "slot machines." These games, as more fully described below, are
27
28

Complaint                          1

1   ones that are not predominantly based on skill and thus, are illegal. This suit does not request

2   monetary relief.

## II.
## JURISDICTION AND VENUE

2.     Defendant CEC has offered and sold, and continues to offer and sell, the services

at issue throughout California, including San Diego County. Jurisdiction and venue are proper in

San Diego County pursuant to California Business and Professions Code §17203.

## III.
## PARTIES

3.     Plaintiff Denise Keller is and was at all relevant times, a California citizen,

domiciled in San Diego, California. She is the mother to two girls, Kylie (3 years old) and

Mackenzie (5 years old).

4.     Defendant CEC Entertainment, Inc. is and was at all relevant times, a Kansas

corporation with its principal place of business in Irving, Texas, operating and conducting

business throughout California including in San Diego county. It is a publicly-traded corporation

whose shares trade on the New York Stock Exchange under the ticker symbol "CEC." It is the

owner and operator of 507 Chuck E. Cheese's restaurants in forty-eight states.

5.     Plaintiff is not aware of the true names and capacity of defendants sued herein as

DOES 1 through 10 inclusive and, therefore sues these defendants by such fictitious names.

Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously-named

defendants is in some manner responsible for the acts, omissions, injuries and/or damages

alleged herein. Plaintiff will amend this complaint to allege the true names and capacities of said

fictitiously-named defendants when the same have been ascertained.

6.     Plaintiff is informed and believes, and thereon alleges, that at all times herein

Complaint                   2

mentioned, each of the defendants was the agent, employee, representative, partner, joint venture, and/or alter ego of each of the other defendants and, in doing the things alleged herein, was acting within the course and scope of such agency, employment or representation, on behalf of such partnership, joint venture, and/or as such alter ego with the authority, permission, consent, and/or ratification of each of the other defendants.

## IV.
## SUBSTANTIVE ALLEGATIONS

## THE ARCADE BUSINESS AND THE LAW

7.     In California, local law enforcement officials have customarily enforced California Penal Code §§ 330a and 330b that prohibit illegal slot machines and other gambling devices.   For example, detectives in the vice unit of the Los Angeles Police Department ("L.A.P.D") used to regularly seize machines from operators of arcades, convenience stores, restaurants, and bars.   Unless the operator successfully challenged the seizure in court, the machine was destroyed.   While some local law enforcement officials, like the ones from L.A.P.D., are trained to understand the difference between a legal and illegal device, many jurisdictions do not have the resources necessary to develop the expertise or to seize the illegal machines. Thus, in many jurisdictions, enforcement is minimal.

8.     Operators have taken advantage of this lax enforcement.   Traditional arcade games have given way to slot machines because they are able to generate significantly-higher revenues in less time. Where a game of Pacman™ might last 2 – 3 minutes, a majority of the illegal games last a few seconds.   A token is dropped, a button is pushed, a wheel spins, and out comes a prize.   If the prize is not big enough, another token is dropped and the process begins again.

Complaint                                                        3

9. Manufacturers of these games have also taken notice of the lax enforcement. For example, manufacturer BMI Gaming offers: *All Aboard* – a children's train-themed game that looks and operates like a slot machine (attached as Exhibit A is picture of the game); *Big Bass Wheel* (discussed below) (attached as Exhibit B is a picture of the game); and Roulette Twirl – a not-so-subtle Vegas-style roulette wheel (attached as Exhibit C is a picture of the game).

10. Legal gambling establishments are concerned about the competition. In 2005, pari-mutuels (dog and horse tracks) opposed a Florida bill that they perceived to expand the use of games in adult arcades.

11. CEC is well aware that it is subject to gambling laws and regulations in each of the jurisdictions in which it operates. Indeed some states, like Iowa, require arcade operators like CEC to obtain amusement concession licenses for their games. CEC has obtained hundreds of licenses from Iowa during the past ten years for the games offered in its arcades in Iowa.

12. Most states prohibit all devices in which anything of value is inserted into the machine for an opportunity to win something of value. Some states have enacted exemptions to allow games to be played for prizes without running afoul of gambling laws, so long as *skill* is required to win the prize. These exemptions are commonly referred to as the "Chuck E. Cheese" exemption. The state of Texas, where CEC is headquartered, does not require an element of skill to meet the exemption so long as the game is for bona fide amusement purposes and the prize is worth less than $5. However, this exemption has been exploited by gaming interests to open gaming parlors offering "8-liners" (video slot machines.) 8-liners have proliferated across Texas and are now found in grocery stores and shopping malls. A woman criminally prosecuted in Texas for running an 8-liner game parlor argued, in her defense, that she believed the games were legal because Dave & Busters (a popular adult arcade) and Chuck E. Cheese's offered similar games.

Complaint                                                   4

13.     Businesses in the arcade and video game industry are keenly aware of and sensitive to this "skill v. luck" distinction. Manufacturers routinely and falsely describe games in a manner that suggest that skill is required. For example, distributor House of Arcades' website describes Ticket Troopers: "A bonus target gives *skilled* players a chance to win big ticket values!" Games at Chuck E. Cheese's describe the trigger buttons (the buttons that initiate the game) as a "Skill Shot." CEC's Securities and Exchange Commission filings describe its games as "skill-oriented." CEC's characterizations reflect its awareness of the games' illegality.

14.     Parties interested in promoting luck-based devices, such as coin-pusher games (see description of Wheel of Fortune below) recently circulated a bogus memorandum purportedly from the California Attorney General's Office advising Law Enforcement Officers that coin-pusher games were legal. On November 1, 2010, the California Bureau of Gambling Control, which operates under the auspices of the Attorney General's Office, issued a real advisory explaining that the memos were bogus. It further explained:

> As a general matter, most, if not all, gambling devices—other than those operating in California Tribal Casinos—that a person pays to play, and that offer anything of value for playing, are illegal devices. Common types of illegal devices include coin pushers, electronic trivia games that include any element of chance, claw machines, traditional slot machines, and slot machines that purport to have a skill element.

> ***

> The Bureau notes, however, that its field operations have detected a growing number of gaming devices throughout California that are illegal because they offer prizes and are not otherwise exempted from the prohibitions of the Penal Code.

Attached hereto as Exhibit D is a copy of the memo.

## CHUCK E. CHEESE'S ARCADES

15.     Chuck E. Cheese's is a family restaurant that features games, rides, prizes, food and entertainment for children. Its website claims that Chuck E. Cheese's is a "great place to

take the kids for everyday fun or for special occasions such as birthdays, play groups and school fundraising events." It markets the Chuck E. Cheese's restaurants as a safe, wholesome environment where kids can laugh, play and enjoy being kids. CEC owns and operates hundreds of Chuck E. Cheese's family restaurants that feature games, rides, prizes, food and entertainment for children.

16.     A major component of Chuck E. Cheese's restaurants is their arcade-style game rooms. The arcades contain a variety of games and rides. The majority of these games are operated by inserting into the machine Chuck E. Cheese's tokens which are purchased by customers for $0.25 each. At the conclusion of the game, most of the machines dispense a handful of tickets that can be redeemed for various prizes at a prize center. For example, for 100 tickets earned by playing 25 games, a child might be able to obtain a plastic ring or a piece of candy. But more expensive prizes are available as well. For thousands of tickets, a child might be able to obtain electronics.

17.     Despite marketing itself as a wholesome place for children's entertainment, a number of the machines are illegal gambling devices. The following is a description of some of the illegal games at the Chuck E. Cheese's restaurant at Grossmont Center in La Mesa, California:

a)      *Thunderation* consists of a vertical spinning wheel with numerous prongs protruding from it. The customer inserts a token at the top of the machine and lets the token drop onto the spinning wheel. The token then randomly bounces off of the spinning prongs until it is eventually dropped into one of the buckets at the bottom of the wheel. Depending on which bucket the token lands in, the customer receives a set number of tickets.

Exhibit A
Page 14

b)    *Wheel of Fortune* is a coin-pusher machine.  The customer deposits a token in a slot near the top of the machine and the token slides down a chute where it rolls and bounces to a resting position on a tray below.  The machine has an automated pusher arm that sweeps back and forth on the tray.  The tray contains hundreds of other tokens that have piled up near a ledge.  Based on where the token lands, there is a possibility that the newly-deposited token will cause the pusher arm to push one or more of the other tokens over the ledge and into a collection tray. The number of tokens that fall into the collection tray determine the amount of tickets the player receives. There is no ability to control or predict whether tokens will fall into the collection tray.

c)    *Big Bass Wheel* closely resembles the wheel featured on *The Price Is Right* television game show.  Customers deposit a token into the game and then turn a crank as fast as they can.  The crank spins a large wheel that has numbers printed on it. The customer wins an amount of tickets equal to the number on which the wheel stops. There is no ability to control or predict where the wheel will rest.

Other illegal games include:

a) Slap Happy
b) Hat Trick
c) Chuck E.'s Rubble Bubble
d) Rollin' on 24's
e) Ticket Troopers
f) Jackpot Extreme
g) Wonder Wheel
h) Deal or No Deal

18.    CEC owns, stores, possesses, leases, and permits the operation, placement, maintenance, and keeping of "slot machines" as that term is defined in Penal Code § 330b(d) in violation of Penal Code § 330b(a).  While Section 330b(f) provides an exception for games that are "predominantly games of skill," this exception does not apply to many games found at Chuck

Complaint                                            7

E. Cheese's restaurants including the games identified above and many others. Unlike many arcade games (e.g. Wac-a-Mole™, Pacman™, racing games, Skeeball, etc.) which require hand-eye coordination, concentration, and physical skill, the outcome of operation of the games identified above at Chuck E. Cheese's is based entirely or predominantly on chance or hazard. In other words, the players have no ability to control the outcome.

**GAMBLING AND YOUTH**

19.     Upon information and belief, the illegal games are highly profitable for CEC because they last for only a few seconds and the chance to win dozens of tickets entice children to play repeatedly, much like a casino slot machine. Machine gambling is one of the most addictive forms of gambling because they are highly addictive, involve rapid-restaking, and encourage the players to chase their losses. Young people are especially vulnerable to the attractions of gambling.

20.     Protecting children from gambling serves an important public purpose. Gambling addiction is a serious and devastating problem for many adults. According to a recent study by the University of Buffalo's Research Institute on Addiction, problem gambling is more common among adults than alcohol dependence. Children who start gambling early in childhood are at increased risk for developing a gambling problem later in life. Placing illegal gambling devices in arcades ostensibly created for amusement perpetuates confusion between play and dangerous habit-forming activities. The fact that the stakes are relatively low is of no consequence to a child, whose allowance or allotted tokens provided by his parents are at stake on a visit to Chuck E. Cheese's; the games create the same highs and lows experienced by adults who gamble their paychecks or mortgage payment.

21.     Youth gambling is not a trivial matter. The book *Futures at Stake: Youth,*

*Gambling, and Society* is a product of a Harvard Medical School think tank comprised of leading researchers, government officials, and gambling experts. As *Futures at Stake* explains:

> In previous eras, children's access to gambling opportunities was more limited, as most games of chance required a process of negotiation, odd-setting, and communication that demanded time before the actual wager could take place. These factors provided informal social protection from excessive gambling. Contemporary gambling, however, is more readily available, and with the new technology used to produce, distribute, and market games of chance, there is little natural social control to protect young people.

Even the gaming industry-funded National Center for Responsible Gambling ("NCRG") explains that "research [shows] young people are at higher risk for developing gambling disorders than adults." NCRG focuses much of its research on youth gambling.

22.    Keller and her children have paid for tokens and played these illegal games at the Grossmont Center Chuck E. Cheese's. One of the reasons they played these games was for an opportunity to win tickets in order to redeem the tickets for prizes. Initially, Keller was unaware that the games were purely ones of chance. Upon playing the games, Keller realized that some of the games her children were playing involved little or no skill. Had Keller known that the machines were gambling devices, she would not have exchanged her money for Chuck E. Cheese's token and allowed her children to participate in gambling activities. The prizes that Plaintiff and her children ultimately acquired in exchange for the tickets they received were worth far less than the value of the tokens they inserted into the machines.

23.    The California legislature enacted Penal Code §§ 330a and 330b(a) and (d) to further California's public policy against gambling. These sections explicitly forbid certain types of gambling, specifically slot machines. Keller, her children, and other patrons of Chuck E. Cheese's are persons that this statute was meant to protect.

Exhibit A
Page 17

## V.
## CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### Violation of Cal. Bus. & Prof. Code § 17200
### (Against CEC and DOES 1-10)

24.　Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

25.　The California Unfair Competition Law ("UCL") (Bus. & Prof. Code §§ 17200, et seq.) prohibits acts of unfair competition, which include any "unlawful, unfair, or fraudulent business act or practice."

26.　By its actions described above, Defendant violated and continues to violate the UCL in that it has engaged and continues to engage in unfair and unlawful business practices within the meaning of the UCL.

27.　Defendant has engaged and continues to engage in unfair business practices and acts by offering gambling devices and by promoting gambling to children in order to earn a profit. The harm caused by Defendant's conduct outweighs any utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, and causes substantial injury to consumers, including Plaintiff. In addition, Defendant's conduct specifically violates public policies tethered to laws that were designed to protect the public welfare against the deleterious effects of gambling.

28.　Defendant has engaged and continues to engage in "unlawful" business practices by violating California Penal Code §§ 330a and 330b. Defendant's unlawful and unfair acts and practices are ongoing and continue to the date of this filing. Defendant has failed to publicly acknowledge the wrongful nature of its actions and has not corrected its unfair and unlawful practices.

Complaint

10

1  29.    As a direct and proximate result of these acts, Plaintiff has suffered injury in fact

2  and has lost money and property in the form of money that was used to purchase Chuck E.

3  Cheese's tokens.

4  30.    Plaintiff, pursuant to Bus. & Prof. Code § 17203, seeks an order and/or judgment

5  from the Court to enjoin Defendant from engaging in practices which constitute unfair

6  competition.

### SECOND CAUSE OF ACTION
**Declaratory Relief**
**(Against CEC and DOES 1-10)**

1.    Plaintiff hereby incorporates by reference each of the preceding allegations as

though fully set forth herein.

2.    An actual, present, and substantial controversy exists between Plaintiff, on the one

hand, and Defendant on the other. Defendant contends that the gaming devices described above

are not slot machines and legal. Plaintiff contends that the gaming devices are slot machines and

illegal.

3.    A declaration as to the respective rights and duties of the parties is necessary and

appropriate.

Complaint

11

## PRAYER

Wherefore, Plaintiff requests judgment in favor of herself and against Defendants, individually and jointly and severally, as follows:

A.    Equitable and injunctive relief enjoining Defendant from continuing to engage in the acts and practices alleged in this action;

B.    A judicial declaration that the gaming machines are illegal;

C.    Attorney's fees and costs as provided for under the law.

D.    Such other relief as the Court deems just and proper.

Dated: May 19, 2011

KRAUSE KALFAYAN BENINK & SLAVENS, LLP

Eric J. Benink, Esq.
Attorneys for Plaintiff

Complaint

12

# EXHIBIT A



# EXHIBIT B



# EXHIBIT C



# EXHIBIT D



# BUREAU OF GAMBLING CONTROL

**EDMUND G. BROWN JR.**
**Attorney General**

**JACOB A. APPELSMITH,**
**Bureau Chief**

| NUMBER 10 | LAW ENFORCEMENT ADVISORY | NOVEMBER 1, 2010 |

## Illegal Gambling Devices

The Bureau of Gambling Control (Bureau) provides this advisory regarding illegal gambling devices in response to inquiries from local law enforcement agencies, inquiries from state agencies including the California State Lottery and the California Department of Alcoholic Beverage Control, and from the Bureau's observations in the field. This advisory also addresses misrepresentations contained in documents circulating in the industry that are fraudulently prepared to appear as though they were issued by this office. As a general matter, most, if not all, gambling devices—other than those operating in California Tribal Casinos—that a person pays to play, and that offer anything of value for playing, are illegal devices. Common types of illegal devices include coin pushers, electronic trivia games that include any element of chance, claw machines, traditional slot machines, and slot machines that purport to have a skill element.

The attached flow chart outlines the steps for determining what is an illegal gambling device. (See attachment #1.)

### Illegal Gambling Devices

California's gambling device statutes are broad in their coverage and prohibit any person from owning, renting, or possessing illegal gambling devices. (Penal Code, §§ 330a, 330b, 330.1.) An illegal gambling device has three features:

1. It is a machine, apparatus, or device (coin operation is not required);
2. Something of value is given to play the device; and
3. The player has the opportunity to receive something of value by *any* element of hazard or chance ("something of value" is not limited to coins, bills, or tokens—it also includes free replays, additional playing time, redemption tickets, gift cards, game credits, or anything else with a value, monetary or otherwise.) (Penal Code, §§ 330a, 330b & 330.1.)

In addition, if a device can readily be converted to have the features of an illegal gambling device, (as listed in 1, 2, and 3 above), it is an illegal device. (Penal Code, § 330b(d).)

Exhibit A
Page 28

## Narrowly Defined Amusement Device Exception

Devices that fall within the definition of an illegal gambling device above may nevertheless qualify for the "pinball" or "amusement device" exception if they meet the narrow requirements set forth in the provisions of Penal Code section 330b, subdivision (f), and section 330.5. A gaming device qualifies for the amusement device exception, and therefore is lawful, if it:

1. Provides an opportunity to win nothing other than additional or free play; and
2. Is predominantly a game of skill.

A lawful device is one that is predominately a game of skill (as are most arcade pinball machines), on which what can be won is limited to additional chances or free plays. If, however, the player has paid to play and can win something other than additional plays, such as food, toys, or other prizes, the machine does not qualify for the amusement device exception and is an illegal gambling device. As an additional example, a coin pusher is an illegal gambling device, whether or not it purports to have an element of skill, because the player can win coins by playing.

## California Tribal Casinos

California Tribal Casinos are permitted to operate slot machines pursuant to the terms of approved Tribal-State Compacts and California law.

## False Representations Regarding the Legality of Devices

The Bureau has obtained memorandums that falsely purport to be issued by the Office of the Attorney General claiming that coin pusher games are legal as games of skill. (See attachment #2.) In addition, the Bureau has received information that some manufacturers and vendors are misrepresenting the Penal Code's narrow "amusement device" exception in an attempt to portray their gambling devices as compliant with California law.

The Attorney General's Office has not approved any such device for play in California, nor issued any opinion or statement regarding the legality of any such device on the basis of the predominance of skill. The Bureau notes, however, that its field operations have detected a growing number of gaming devices throughout California that are illegal because they offer prizes and are not otherwise exempted from the prohibitions of the Penal Code.

The purpose of an advisory is informational. An advisory does not constitute legal advice.

*For more information regarding this advisory, contact the California Department of Justice, Bureau of Gambling Control at (916) 263-3408*

Attachment 1
Qualification for the Amusement Device Exception
under the Penal Code as a Flow Chart



**1. Does the device have all three features of an illegal gambling device?** (Penal Code §§ 330a, 330b & 330.1)
**A. Is it a machine, apparatus or device?** (Coin operation is not required.)
**B. Is something of value given to play the device?** ("Something of value" is not limited to coins, bills, or tokens – can be anything with a value, monetary or otherwise.)
**C. Does it by any element of hazard or chance provide the player the opportunity to receive something of value?** ("Something of value" is not limited to coins, bills, or tokens – it also includes free replays, additional playing time, redemption tickets, gift cards, game credits, or anything else with a value, monetary or otherwise.)

No

Yes

**Device is an illegal gambling device.**

Yes

**Can the device readily be converted to have the features of an illegal gambling device?** (Penal Code § 330b(d))

No

**2. Does the device qualify for the "amusement device" exception?** (Penal Code §§ 330b(f) & 330.5)

**Device is not an illegal gambling device under Penal Code §§ 330a, 330.1 & 330b.**

**A. Does the device award as a prize anything of value other than a free replay?**

Yes

No

**Device is an illegal gambling device prohibited by the Penal Code.**

**B. What element predominates to determine outcome of the game?**

Chance

Skill

**Device qualifies for the "amusement device" exception.**

11/01/2010

California Bureau of Gambling Control



# OFFICE OF THE ATTORNEY GENERAL

EDMUND G. BROWN JR.

## MEMORANDUM

TO: ALL LAW ENFORCEMENT OFFICERS

Coin Pusher machines that have vending capabilities or games of skill may be operated in the State of California.

### California Penal Code

330.1 Every person who manufactures, owns, stores, keeps, possesses, sells, rents, leases, lets on shares, lends or gives away, transports or exposes for sale or lease or offers to sell, rent, lease, let on shares, lend or give away or who permits the operation of or permits to be placed, maintained, used or kept in any room, space or building owned, leased or occupied by him, or under his management or control, any slot machine or device as hereinafter defined, and every person who makes or permits to be made with any person any agreement with reference to any slot machine or device as hereinafter defined, pursuant to which agreement the user thereof, as a result of any element of hazard or chance, may become entitled to receive anything of value or additional chance or right to use such slot machine or device, or to receive any check, slug, token or memorandum, whether of value or otherwise, entitling the holder to receive anything of value, is guilty of a misdemeanor and shall be punishable by a fine of not more than one thousand dollars ($1,000) or by imprisonment in the county jail not exceeding six months or by both such fine and imprisonment. A slot machine or device within the meaning of Sections 330.1 to 330.5, inclusive, of this code is one that is, or may be, used or operated in such a way that, as a result of the insertion of any piece of money or coin or other object such machine or device is caused to operate or may be operated or played, mechanically, electrically, automatically or manually, and by reason of any element of hazard or chance, the user may receive or become entitled to receive anything of value or any check, slug, token or memorandum, whether of value or otherwise, which may be given in trade, or the user may secure additional chances or rights to use such machine or device, irrespective of whether it may, apart from any element of hazard or chance also sell, deliver or present some merchandise, indication of weight, entertainment or other thing of value.

330.4 It is specifically declared that the mere possession or control, either as owner, lessee, agent, employee, mortgagor, or otherwise of any slot machine or device, as defined in Section 330.1 of this code, is prohibited and penalized by the provisions of Sections 330.1 to 330.5, inclusive, of this code. It is specifically declared that every person who permits to be placed, maintained or kept in any room, space, enclosure, or building owned, leased or occupied by him, or under his management or control, whether for use or operation or for storage, bailment, safekeeping or deposit only, any slot machine or device, as defined in Section 330.1 of this code, is guilty of a misdemeanor and punishable as provided in Section 330.1 of this code. It is further declared that the provisions of this section specifically render any slot machine or device as defined in Section 330.1 of this code subject to confiscation as provided in Section 335a of this code.

330.5 It is further expressly provided that Sections 330.1 to 330.4, inclusive, of this code shall not apply to music machines, weighing machines and machines which vend cigarettes, candy, ice cream, food, confections or other merchandise, in which there is deposited an exact consideration and from which in every case the customer obtains that which he purchases; and it is further expressly provided that with respect to the provisions of Sections 330.1 to 330.4, inclusive, only, of this code, pin ball, and other amusement machines or devices which are predominantly games of skill, whether affording the opportunity of additional chances or free plays or not, are not intended to be and are not included within the term slot machine or device as defined within Sections 330.1 to 330.4, inclusive, of this code.



Coin Pusher machines that have vending capabilities or <u>games of skill</u> may be operated in the State of California.

Slot Machines are illegal under the California Penal Code 330a. However, Coin Pushers are not related and are considered a game of skill. Please review the following California Penal Code.

### California Penal Code Section 330.5

It is further expressly provided that Sections 330.1 to 330.4, inclusive of this code shall <u>not apply to</u> music machines, weighing machines and machines that vend cigarettes, candy, ice cream, food, confections or other merchandise, in which there is deposited an exact consideration and from which in every case the customer obtains that which he purchases; and it is further expressly provided that with respect to the provisions of sections 330.1 to 330.4, inclusive, only, pin ball, and other amusement machines or devices which are <u>predominantly games of skill</u>, whether affording the opportunity of additional chances or free plays or not, <u>are not intended to be and not included within</u> the term slot machine or device as defined within Sections 330.1 to 330.4, inclusive, of this code.



## STATE OF CALIFORNIA

## OFFICE OF THE ATTORNEY GENERAL

### MEMORANDUM

TO: INSPECTING AUTHORITIES

Devices categorized as "coin pusher", "penny slider", "coin slider" or any machine bearing such nomenclature; that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, may be operated in the State of California.

### California Penal Code

330.5. It is further expressly provided that Sections 330.1 to 330.4, inclusive, of ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ice cream, food, confections or other merchandise, in which there is ▮▮▮▮▮▮ an exact consideration and from which in every case the customer obtains that which he purchases and is further expressly provided that with respect to the provisions of Sections 330.1 to 330.4, inclusive ▮▮▮ of this code, pin ball, and other amusement machines ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Eric J. Benink, Esq. SBN 187434<br>Mary K. Wyman, Esq. SBN 260104<br>KRAUSE KALFAYAN BENINK & SLAVENS, LLP<br>625 Broadway, Suite 635, San Diego, CA 92101<br>TELEPHONE NO.: (619) 232-0331   FAX NO.: (619) 232-4019<br>ATTORNEY FOR *(Name):* Denise Keller v. CEC Entertainment, Inc. | FOR COURT USE ONLY<br>CIVIL BUSINESS OFFICE<br>CENTRAL DIVISION<br><br>MAY 19 2011<br><br>CLERK - SUPERIOR COURT<br>SAN DIEGO COUNTY, CA<br>MAY 19 '12 PM 4:40 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Denise Keller v. CEC Entertainment, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2011-00091622-CU-BT-CTL |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ✓ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ✓ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties           d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel        e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                   in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence           f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is  ✓ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 19, 2011
Eric J. Benink, Esq.

*(TYPE OR PRINT NAME)*                              ▶          *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2011-00091622-CU-BT-CTL     CASE TITLE: Keller vs. CEC Entertainment Inc

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
    (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
    (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
    (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost.*

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | **FOR COURT USE ONLY** |

STREET ADDRESS:    330 West Broadway

MAILING ADDRESS:    330 West Broadway

CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827

BRANCH NAME:    Central

PLAINTIFF(S):   Denise Keller

DEFENDANT(S): CEC Entertainment Inc

SHORT TITLE:    KELLER VS. CEC ENTERTAINMENT INC

| | |
|---|---|
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2011-00091622-CU-BT-CTL |

Judge: Joel M. Pressman                            Department: C-66

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)            ☐ Non-binding private arbitration

☐ Mediation (private)                    ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)           ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____         Date: _____

Name of Plaintiff                                Name of Defendant

Signature                                        Signature

Name of Plaintiff's Attorney                  Name of Defendant's Attorney

Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 05/23/2011                            _____

                                           JUDGE OF THE SUPERIOR COURT

Exhibit A
Page 38

3

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:    330 West Broadway

MAILING ADDRESS:    330 West Broadway

CITY AND ZIP CODE:    San Diego, CA 92101

BRANCH NAME:    Central

TELEPHONE NUMBER:  (619) 450-7066

---

PLAINTIFF(S) / PETITIONER(S):    Denise Keller

---

DEFENDANT(S) / RESPONDENT(S):  CEC Entertainment Inc

---

KELLER VS. CEC ENTERTAINMENT INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2011-00091622-CU-BT-CTL |
|---|---|

Judge:  Joel M. Pressman                Department: C-66

**COMPLAINT/PETITION FILED:** 05/19/2011

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE: A Case Management Conference will be set within 150 days of filing the complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION. IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)

---

SDSC CIV-721 (Rev. 11-06)               **NOTICE OF CASE ASSIGNMENT**               Page: 1

Eric J. Benink, Esq., SBN 187434
eric@kkbs-law.com
Mary K. Wyman, Esq. SBN 260104
mwyman@kkbs-law.com
KRAUSE, KALFAYAN, BENINK & SLAVENS, LLP
625 Broadway, Suite 635
San Diego, CA 92101
Tel: (619) 232-0331
Fax: (619) 232-4019


Attorneys for Plaintiff

## SUPERIOR COURT OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| DENISE KELLER, an individual | ) Case No. 37-2011-00091622-CU-BT-CTL |
| Plaintiff, | ) **NOTICE OF ERRATA RE: EXHIBITS TO** |
| v. | ) **COMPLAINT** |
| CEC ENTERTAINMENT, INC., a Kansas corporation, and DOES 1-10, | ) Hon. Joel M. Pressman |
| | ) Dept. C-66 |
| Defendants. | ) |

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please be advised that the Complaint filed by Plaintiff on May 23, 2011 included Exhibits that were incorrectly labeled. Specifically, the true Exhibit A was inadvertently attached as Exhibit B and the true Exhibit B was inadvertently attached as Exhibit A.

///

///

///

Notice of Errata

1

For the sake of clarity, all four Exhibits are correctly labeled and attached hereto.

Dated: May 26, 2011

KRAUSE KALFAYAN BENINK & SLAVENS, LLP

Eric J. Benink, Esq.
Attorneys for Plaintiff

# EXHIBIT A



# EXHIBIT B



# EXHIBIT C



# EXHIBIT D



# BUREAU OF GAMBLING CONTROL

**EDMUND G. BROWN JR.**
**Attorney General**

**JACOB A. APPELSMITH,**
**Bureau Chief**

| NUMBER 10 | LAW ENFORCEMENT ADVISORY | NOVEMBER 1, 2010 |
|---|---|---|

## Illegal Gambling Devices

The Bureau of Gambling Control (Bureau) provides this advisory regarding illegal gambling devices in response to inquiries from local law enforcement agencies, inquiries from state agencies including the California State Lottery and the California Department of Alcoholic Beverage Control, and from the Bureau's observations in the field. This advisory also addresses misrepresentations contained in documents circulating in the industry that are fraudulently prepared to appear as though they were issued by this office. As a general matter, most, if not all, gambling devices—other than those operating in California Tribal Casinos—that a person pays to play, and that offer anything of value for playing, are illegal devices. Common types of illegal devices include coin pushers, electronic trivia games that include any element of chance, claw machines, traditional slot machines, and slot machines that purport to have a skill element.

The attached flow chart outlines the steps for determining what is an illegal gambling device. (See attachment #1.)

### Illegal Gambling Devices

California's gambling device statutes are broad in their coverage and prohibit any person from owning, renting, or possessing illegal gambling devices. (Penal Code, §§ 330a, 330b, 330.1.) An illegal gambling device has three features:

1. It is a machine, apparatus, or device (coin operation is not required);
2. Something of value is given to play the device; and
3. The player has the opportunity to receive something of value by *any* element of hazard or chance ("something of value" is not limited to coins, bills, or tokens—it also includes free replays, additional playing time, redemption tickets, gift cards, game credits, or anything else with a value, monetary or otherwise.) (Penal Code, §§ 330a, 330b & 330.1.)

In addition, if a device can readily be converted to have the features of an illegal gambling device, (as listed in 1, 2, and 3 above), it is an illegal device. (Penal Code, § 330b(d).)

## Narrowly Defined Amusement Device Exception

Devices that fall within the definition of an illegal gambling device above may nevertheless qualify for the "pinball" or "amusement device" exception if they meet the narrow requirements set forth in the provisions of Penal Code section 330b, subdivision (f), and section 330.5. A gaming device qualifies for the amusement device exception, and therefore is lawful, if it:

1. Provides an opportunity to win nothing other than additional or free play; and
2. Is predominantly a game of skill.

A lawful device is one that is predominately a game of skill (as are most arcade pinball machines), on which what can be won is limited to additional chances or free plays. If, however, the player has paid to play and can win something other than additional plays, such as food, toys, or other prizes, the machine does not qualify for the amusement device exception and is an illegal gambling device. As an additional example, a coin pusher is an illegal gambling device, whether or not it purports to have an element of skill, because the player can win coins by playing.

## California Tribal Casinos

California Tribal Casinos are permitted to operate slot machines pursuant to the terms of approved Tribal-State Compacts and California law.

## False Representations Regarding the Legality of Devices

The Bureau has obtained memorandums that falsely purport to be issued by the Office of the Attorney General claiming that coin pusher games are legal as games of skill. (See attachment #2.) In addition, the Bureau has received information that some manufacturers and vendors are misrepresenting the Penal Code's narrow "amusement device" exception in an attempt to portray their gambling devices as compliant with California law.

The Attorney General's Office has not approved any such device for play in California, nor issued any opinion or statement regarding the legality of any such device on the basis of the predominance of skill. The Bureau notes, however, that its field operations have detected a growing number of gaming devices throughout California that are illegal because they offer prizes and are not otherwise exempted from the prohibitions of the Penal Code.

The purpose of an advisory is informational. An advisory does not constitute legal advice.

Attachment 1
Qualification for the Amusement Device Exception
under the Penal Code as a Flow Chart



1. **Does the device have all three features of an illegal gambling device?**
(Penal Code §§ 330a, 330b & 330.1)
   **A. Is it a machine, apparatus or device?** (Coin operation is not required.)
   **B. Is something of value given to play the device?** ("Something of value" is not limited to coins, bills, or tokens – can be anything with a value, monetary or otherwise.)
   **C. Does it by any element of hazard or chance provide the player the opportunity to receive something of value?** ("Something of value" is not limited to coins, bills, or tokens – it also includes free replays, additional playing time, redemption tickets, gift cards, game credits, or anything else with a value, monetary or otherwise.)

No

Yes

Device is an illegal gambling device.

Yes

Can the device readily be converted to have the features of an illegal gambling device?
(Penal Code § 330b(d))

No

Device is not an illegal gambling device under Penal Code §§ 330a, 330.1 & 330b.

2. **Does the device qualify for the "amusement device" exception?**
(Penal Code §§ 330b(f) & 330.5)

A. Does the device award as a prize anything of value other than a free replay?

Yes

No

Device is an illegal gambling device prohibited by the Penal Code.

B. What element predominates to determine outcome of the game?

Chance

Skill

Device qualifies for the "amusement device" exception.

11/01/2010

California Bureau of Gambling Control



# STATE OF CALIFORNIA

## OFFICE OF THE ATTORNEY GENERAL

### EDMUND G. BROWN JR.

### MEMORANDUM

TO: ALL LAW ENFORCEMENT OFFICERS

Coin Pusher machines that have vending capabilities or games of skill may be operated in the State of California.

### California Penal Code

330.1. Every person who manufactures, owns, stores, keeps, possesses, sells, rents, leases, lets on shares, lends or gives away, transports or exposes for sale or lease or offers to sell, rent, lease, let on shares, lend or give away or who permits the operation of or permits to be placed, maintained, used or kept in any room, space or building owned, leased or occupied by him or under his management or control, any slot machine or device as hereinafter defined, and every person who makes or permits to be made with any person any agreement with reference to any slot machine or device as hereinafter defined, pursuant to which agreement the user thereof, as a result of any element of hazard or chance, may become entitled to receive anything of value or additional chance or right to use such slot machine or device, or to receive any check, slug, token or memorandum, whether of value or otherwise, entitling the holder to receive anything of value, is guilty of a misdemeanor and shall be punishable by a fine of not more than one thousand dollars ($1,000) or by imprisonment in the county jail not exceeding six months or by both such fine and imprisonment. A slot machine or device within the meaning of Sections 330.1 to 330.5, inclusive, of this code is one that is, or may be, used or operated in such a way that, as a result of the insertion of any piece of money or coin or other object such machine or device is caused to operate or may be operated or played, mechanically, electrically, automatically or manually, and by reason of any element of hazard or chance, the user may receive or become entitled to receive anything of value or any check, slug, token or memorandum, whether of value or otherwise, which may be given in trade, or the user may secure additional chances or rights to use such machine or device, irrespective of whether it may, apart from any element of hazard or chance also sell, deliver or present some merchandise, indication of weight, entertainment or other thing of value.

330.4. It is specifically declared that the mere possession or control, either as owner, lessee, agent, employee, mortgagor, or otherwise of any slot machine or device, as defined in Section 330.1 of this code, is prohibited and penalized by the provisions of Sections 330.1 to 330.5, inclusive, of this code.
It is specifically declared that every person who permits to be placed, maintained or kept in any room, space, enclosure, or building owned, leased or occupied by him, or under his management or control, whether for use or operation or for storage, bailment, safekeeping or deposit only, any slot machine or device, as defined in Section 330.1 of this code, is guilty of a misdemeanor and punishable as provided in Section 330.1 of this code.
It is further declared that the provisions of this section specifically render any slot machine or device as defined in Section 330.1 of this code subject to confiscation as provided in Section 335a of this code.

330.5. It is further expressly provided that Sections 330.1 to 330.4, inclusive, of this code shall not apply to music machines, weighing machines and machines which vend cigarettes, candy, ice cream, food, confections or other merchandise, in which there is deposited an exact consideration and from which in every case the customer obtains that which he purchases; and it is further expressly provided that with respect to the provisions of Sections 330.1 to 330.4, inclusive, only, of this code, pin ball, and other amusement machines or devices which are predominantly games of skill, whether affording the opportunity of additional chances or free plays or not, are not intended to be and are not included within the term slot machine or device as defined within Sections 330.1 to 330.4, inclusive, of this code.



Coin Pusher machines that have vending capabilities or <u>games of skill</u> may be operated in the State of California.

Slot Machines are illegal under the California Penal Code 330a. However, Coin Pushers are not related and are considered a game of skill. Please review the following California Penal Code.

<u>California Penal Code Section 330.5</u>

It is further expressly provided that Sections 330.1 to 330.4, inclusive, of this code shall <u>not apply to</u> music machines, weighing machines and machines that vend cigarettes, candy, ice cream, food, confections or other merchandise, in which there is deposited an exact consideration and from which in every case the customer obtains that which he purchases; and it is further expressly provided that with respect to the provisions of sections 330.1 to 330.4, inclusive, only, of this code, pin ball, and other amusement machines or devices which are <u>predominantly games of skill</u>, whether affording the opportunity of additional chances or free plays or not, <u>are not intended to be and not included within the term slot machine or device as defined within Sections 330.1 to 330.4, inclusive, of this code.</u>



STATE OF CALIFORNIA

OFFICE OF THE ATTORNEY GENERAL

MEMORANDUM

TO: INSPECTING AUTHORITIES,

Devices categorized as "coin pusher", "penny slider", "coin slider" or any machine bearing such nomenclature; that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, may be operated in the State of California.

## California Penal Code

330.5. It is further expressly provided that Sections 330.1 to 330.4, inclusive, of ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ice cream, food, confections or other merchandise, in which there ▓▓▓▓▓▓▓▓ an exact consideration and from which in every case the customer obtains that which he purchases; and ▓ is further expressly provided that with respect to the provisions of Sections 330.1 to 330.4, inclusive, ▓▓▓▓ of this code, pin ball, and other amusement machines ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Eric J. Benink (State Bar No. 187434)<br>Mary K. Wyman (State Bar No. 260104)<br>KRAUSE, KALFAYAN, BENINK & SLAVENS, LLP.<br>625 Broadway, Suite 635, San Diego, CA 92101<br>TELEPHONE NO.: (619) 232-0331　FAX NO. *(Optional):* (619) 232-4019<br>E-MAIL ADDRESS *(Optional):* ebenink@kkbs-law.com<br>ATTORNEY FOR *(Name):* Plaintiff, Denise Keller | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
　　STREET ADDRESS: 330 West Broadway
　　MAILING ADDRESS: 330 West Broadway
　　CITY AND ZIP CODE: San Diego, CA 92101
　　BRANCH NAME: Hall of Justice

| | |
|---|---|
| PLAINTIFF/PETITIONER: **DENISE KELLER** | **CASE NUMBER:**<br>37-2011-00091622-CU-BT-CTL |
| DEFENDANT/RESPONDENT: **CEC ENTERTAINMENT, INC., et al.** | **JUDICIAL OFFICER:**<br>Joel M. Pressman |
| **NOTICE OF RELATED CASE** | **DEPT.:**<br>C-66 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Denise Keller v. CEC Entertainment, Inc., et al.
   b. Case number: 11CV0629 WQHPOR
   c. Court: [ ] same as above
      [✓] other state or federal court *(name and address):* U.S. District Court -Southern District of California
   d. Department: 4　　　　　　　　　　　　940 Front Street, San Diego, CA 92101
   e. Case type: [ ] limited civil [✓] unlimited civil [ ] probate [ ] family law [ ] other *(specify):*
   f. Filing date: March 29, 2011
   g. Has this case been designated or determined as "complex?" [ ] Yes [✓] No
   h. Relationship of this case to the case referenced above *(check all that apply):*
      [✓] involves the same parties and is based on the same or similar claims.
      [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      [ ] involves claims against, title to, possession of, or damages to the same property.
      [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
      　[✓] Additional explanation is attached in attachment 1h
   i. Status of case:
      [ ] pending
      [✓] dismissed [ ] with [✓] without prejudice
      [ ] disposed of by judgment

2. a. Title:
   b. Case number:
   c. Court: [ ] same as above
      [ ] other state or federal court *(name and address):*
   d. Department:

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Cal. Rules of Court, rule 3.300<br>*www.courtinfo.ca.gov* |

| PLAINTIFF/PETITIONER: DENISE KELLER | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CEC ENTERTAINMENT, INC., et al. | 37-2011-00091622-CU-BT-CTL |

2. *(continued)*

    e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f. Filing date:

    g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

    h. Relationship of this case to the case referenced above *(check all that apply):*

        ☐ involves the same parties and is based on the same or similar claims.

        ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐ Additional explanation is attached in attachment 2h

    i. Status of case:

        ☐ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

3.  a. Title:

    b. Case number:

    c. Court: ☐ same as above

        ☐ other state or federal court *(name and address):*

    d. Department:

    e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f. Filing date:

    g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

    h. Relationship of this case to the case referenced above *(check all that apply):*

        ☐ involves the same parties and is based on the same or similar claims.

        ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐ Additional explanation is attached in attachment 3h

    i. Status of case:

        ☐ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: May 26, 2011

Eric J. Benink, Esq.
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶                               
(SIGNATURE OF PARTY OR ATTORNEY)

| PLAINTIFF/PETITIONER: DENISE KELLER | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CEC ENTERTAINMENT, INC., et al. | 37-2011-00091622-CU-BT-CTL |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶          _____
(TYPE OR PRINT NAME OF DECLARANT)                          (SIGNATURE OF DECLARANT)

# Attachment 1h

Attachment 1h

The federal action was a class action and sought monetary relief. The current state court action is an individual action and does not seek monetary relief.

1  Eric J. Benink, Esq., SBN 187434
   eric@kkbs-law.com
2  Mary K. Wyman, Esq. SBN 260104
   mwyman@kkbs-law.com
3  KRAUSE, KALFAYAN, BENINK & SLAVENS, LLP
4  625 Broadway, Suite 635
   San Diego, CA 92101
5  Tel: (619) 232-0331
   Fax: (619) 232-4019
6

7  Attorneys for Plaintiff
8

9

10              **SUPERIOR COURT OF CALIFORNIA**

11              **FOR THE COUNTY OF SAN DIEGO**

12  DENISE KELLER, an individual        ) Case No. 37-2011-00091622-CU-BT-CTL
                                         )
13                          Plaintiff,   ) **PROOF OF SERVICE**
                                         )
14          v.                           )
                                         )
15  CEC ENTERTAINMENT, INC., a Kansas    )
    corporation, and DOES 1-10,          )
16                                       )
                                         )
17                          Defendants.  )
                                         )
18  _____ )

19

20          I am employed with the LAW OFFICES OF KRAUSE, KALFAYAN, BENINK &

21  SLAVENS, LLP, whose address is 625 Broadway, Suite 635, San Diego, California, 92101; I am

22  not a party to this cause. I am over the age of eighteen years.

23
          I further declare that on **May 26, 2011,** I served a copy of the following documents:
24

25  **1.      SUMMONS;**
26
27  **2.      CIVIL CASE COVER SHEET;**

28  **3.      ALTERNATIVE DISPUTE RESOLUTION (ADR) PACKET;**

4.  **NOTICE OF CASE ASSIGNMENT;**

5.  **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF;**

6.  **NOTICE OF ERRATA RE: EXHIBITS TO COMPLAINT;**

7.  **NOTICE OF RELATED CASE; and**

8.  **NOTICE AND ACKNOWLEDGMENT OF RECEIPT.**

on the interested parties listed below:

Michelle Hartmann, Esq.                                    Attorney for Defendant,
WEIL GOTSHAL & MANGES LLP                                  CEC Entertainment, Inc.
200 Crescent Court, Ste. 300
Dallas, TX 75201
Tel: (214) 746-7847
Fax: (214) 746-7777
Michelle.hartmann@weil.com

**[X]    BY UPS EXPRESS MAIL.**    I enclosed the documents in an envelope or package provided by the United Parcel Service and addressed to the persons at the listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized UPS drop box.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **May 26, 2011.**

Erica Stewart